SUMMARY ORDER

Andres Bailares .appeals the sentence imposed by the United States District Court for the Eastern District of New York (Garaufis, J.) following his guilty plea to a one-count indictment for conspiring to distribute, and possessing with intent to distribute, heroin and cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). At sentencing, the District Court applied a three-level enhancement based on a magistrate judge’s findings that Bailares had performed a managerial or supervisory role in the conspiracy. The District Court held that defendant had waived the opportunity to object to the magistrate judge’s Report and Recommendation (R&R) because he had not filed such objections in a timely manner. On appeal, Bailares argues that the District Court erred in holding that he had waived his objections to the R&R, and that the District Court committed plain error in finding that Bailares performed a managerial or supervisory role in the conspiracy. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Bailares argues that the District Court abused its discretion when it denied his application to file objections to the *38 magistrate judge’s R&R out of time. This Circuit has adopted a non-jurisdictional rule that “failure to object timely to a magistrate judge’s report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.” United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). Because the rule is non-jurisdictional, its violation can be excused in the interests of justice. Id. at 39. The magistrate judge in this case cited to the rule in imposing a ten-day deadline for the filing of objections to her R&R, and the district judge appeared to rely on the rule in denying Bal-lares’s application to file objections out-of-time.
Bailares argues that the District Court abused its discretion in applying the waiver rule because this Court has never explicitly extended the rule into the criminal context. See Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (upholding the waiver rule in a civil case); Male Juvenile, 121 F.3d at 39 n. 4 (“We note that our research has uncovered no cases in this Circuit applying the waiver rule in criminal cases. However, because we disregard the waiver rule in this case, the issue of whether the rule should be enforced equally in criminal cases need not be reached today.”) (citation omitted).
But Federal Rule of Criminal Procedure 59 explicitly extends the waiver rule to criminal cases. Rule 59 provides that objections to a magistrate judge’s R&R must be filed within ten days (or as the court otherwise directs), and states that “[fjailure to object in accordance with this rule waives a party’s right to review.” Fed.R.Crim.P. 59(a), (b)(2). And although Rule 59 was amended after Bailares had pled guilty to this offense, its application is appropriate because it became effective before the matter was referred to the magistrate. See Landgraf v. USI Film Prods., 511 U.S. 244, 275 & n. 29, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (“Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity.... [T]he applicability of such provisions ordinarily depends on the posture of the particular case.”). Bailares failed to object within ten days as required by the magistrate judge’s R&R, and the District Court was therefore entitled to reject Bal-lares’s application to file his objections out of time.
Bailares also asks this Court to exercise its discretion under Federal Rule of Criminal Procedure 52 to review the magistrate judge’s R&R, arguing that the District Court erred in relying on the R&R to enhance his sentence because: (a) it was plain error to conclude that Bailares was a decision-maker; (b) it was plain error to overlook the nature of Ballares’s participation in the conspiracy; (c) it was plain error to find that Bailares recruited accomplices; (d) it was plain error to find that Bailares had a right to a larger share of the profits; (e) it was plain error to find that Bailares participated in the planning or organizing of the conspiracy; and (f) it was plain error to find that Bailares had a degree of control and authority over others.
Plain error requires (1) an error that is (2) plain and that (3) affects substantial rights. United States v. Keigue, 318 F.3d 437, 441 (2d Cir.2003). “Error” is a deviation from a legal rule that has not been waived. Id. Error is “plain” if it is clear or obvious at the time of appellate consideration. Id. at 442. An error affects substantial rights if it is prejudicial and it affects the outcome of the district court proceeding. Id. Even if an error meets each of these criteria, however, “[t]he plain error should be corrected only if it serious *39 ly affects the fairness, integrity, or public reputation of judicial proceedings.” Id. (quotations omitted).
A review of Ballares’s arguments reveals no plain error on the part of the magistrate judge or the District Court. We therefore decline to exercise our discretion under Rule 52, Fed.R.Crim.P., to review the decision below.
Accordingly, we hereby AFFIRM the sentence imposed by the District Court.